# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR CERVANTES, | Case No. 1:16-cv-00343-BAM (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT |
| v. | |
| B. LINDSEY, | (ECF No. 8) |
| Defendant. | |

Plaintiff Salvador Cervantes ("Plaintiff") is a state prisoner proceeding in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on March 11, 2016. (ECF No. 1.) This action proceeds on Plaintiff's complaint ("Complaint") against defendant Officer B. Lindsey ("Defendant") for cruel and unusual punishment in violation of the Eighth Amendment and Fourteenth Amendment of the United States Constitution.

On May 23, 2016, Defendant filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Plaintiff opposed the motion on June 13, 2016. Defendant replied on June 20, 2016. The motion is deemed submitted. Local Rule 230(l).

Defendant moves to dismiss on the grounds that Plaintiff failed to exhaust his administrative remedies, failed to state a claim, and that Defendant is entitled to qualified immunity. For the reasons discussed below, the Court grants Defendant's motion to dismiss for

failure to exhaust administrative remedies, and does not reach the merits of Defendant's other grounds for dismissal.

### I.     Motion to Dismiss

#### a. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).[1] The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).

#### b. Failure to Exhaust

##### i. Legal Standard

Under the Prison Litigation Reform Act (PLRA),"[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v.*

---

[1] Plaintiff's opposition motion cites *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) for the proposition that a complaint should not be dismissed under Rule 12(b)(6) unless a plaintiff can prove "no set of facts" to support his claim. (ECF No. 13, pp. 1-2.) However, this rule from *Conley* was expressly abrogated in *Twombly*, 550 U.S. at 561-63 ("[T]his famous observation has earned its retirement.")

1  *Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). "The PLRA attempts to eliminate unwarranted
2  federal-court interference with the administration of prisons, and thus seeks to afford corrections
3  officials time and opportunity to address complaints internally before allowing the initiation of a
4  federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (alterations, footnote, and quotation
5  marks omitted). Requiring exhaustion provides prison officials a "fair opportunity to correct their
6  own errors," *Id.* at 94, and creates an administrative record for grievances that eventually become
7  the subject of federal court complaints, *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).

8        Exhaustion is required regardless of the relief sought by the prisoner and regardless of the
9  relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion
10 requirement applies to all prisoner suits relating to prison life, *Porter*, 534 U.S. at 532. However,
11 because "there can be no absence of exhaustion unless some relief remains available, a defendant
12 must demonstrate that pertinent relief remained available, whether at unexhausted levels of the
13 grievance process or through awaiting the results of the relief already granted as a result of that
14 process." *Brown*, 422 F.3d at 936-37. The PLRA does not require exhaustion where
15 administrative remedies are unavailable through no fault of the prisoner. *See Sapp v. Kimbrell*,
16 623 F.3d 813, 822 (9th Cir. 2010) (citing *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010).

17       The failure to exhaust in compliance with the PLRA is an affirmative defense under which
18 defendants have the burden of pleading and proving the absence of exhaustion. *Jones*, 549 U.S. at
19 216; *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Defendants may raise
20 exhaustion deficiencies as an affirmative defense under § 1997e(a) in either (1) a motion to
21 dismiss under Rule 12(b)(6) or (2) a motion for summary judgment under Rule 56. *Id.* at 1168-69.
22 If the court concludes that the plaintiff has failed to exhaust administrative remedies, the proper
23 remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(e).
24 *Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

25       In ruling on a 12(b)(6) motion to dismiss for the failure to exhaust administrative
26 remedies, the court "may generally consider only allegations contained in the pleadings, exhibits
27 attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Group,*
28 *Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks

omitted). The court may also consider documents incorporated by reference into the complaint. *Van Buskirk v. Cable News Network, Inc*., 284 F.3d 977, 980 (9th Cir. 2002).

### ii. Grievance Procedure

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs. Title 15 § 3084.1. The process is initiated by submitting a CDCR Form 602 describing the issue and the relief requested. *Id*. § 3084.2(a). Three formal levels of appeal are involved. *See Id*. § 3084.7. All first level appeals must initially be submitted to the appeals coordinator for screening. *See Id.* §§ 3084.5(b), 3084.7(a). The final decision at the third level exhausts a prisoner's administrative remedies. *Id.* § 3084.7(d)(3).

Appeals alleging staff misconduct are processed under § 3084.9(i)(1) and (i)(3). Cal. Code Regs. Title 15 § 3084.5(b)(4). An inmate alleging staff misconduct must forward the appeal to the appeals coordinator who determines whether to categorize the appeal as a staff complaint. *Id.* § 3084.9(i)(1). Unless stated otherwise, all appeals are subject to a third level of review. *Id.* § 3084.1(b); *see also Vaughn v. Hood*, No. 2:14-cv-2235 MCE KJN P, 2015 WL 5020691, *3 (E.D. Cal. August 21, 2015) (citing Cal. Code Regs. Title 15, § 3084.1(b) ("Processing an appeal as a staff complaint does not preclude a prisoner from exhausting administrative appeals to the Director's Level.")). Prisoners must adhere to the deadlines and other "critical procedural rules" of the prison's grievance process, *Woodford*, 548 U.S. at 90; *Jones*, 549 U.S. at 218, such that an untimely or otherwise procedurally defective grievance is insufficient, *Woodford*, 548 U.S. at 83-84.

### iii. Discussion

#### 1. Defendant's Position

Defendant contends that the Court should dismiss this action because this is one of those rare instances where the plaintiff's failure to exhaust administrative remedies is clear from the face of the complaint. Defendant states that Plaintiff was required to comply with the three-level administrative review process for proper exhaustion, as provided under Cal. Code Regs. Title 15 §§ 3084.1(a), 3084.7, and 3084.7(d)(3). Defendant argues that Plaintiff implicitly understood the

4

exhaustion requirement, and that Plaintiff does not state that a grievance procedure was unavailable to him. Defendant further argues that Plaintiff's statement in his Complaint that he exhausted available administrative remedies by writing to the CDCR Office of Internal Affairs (OIA) is evidence that Plaintiff did not properly exhaust his administrative remedies.

### 2. Plaintiff's Position

Plaintiff contends that because his grievance involved staff misconduct, it falls under the exceptions to the appeals process stated in Cal. Code Regs. Title 15 § 3084.9(i)(1) and (i)(3). Plaintiff alleges that he exhausted his administrative remedies by writing to the OIA, and that letter was forwarded to the California Correctional Institute (CCI) for review where Plaintiff contends it was processed as a staff complaint. Plaintiff argues that, under § 3084.9(i)(3), when OIA declines to investigate a complaint, an inquiry must be conducted, and CCI conducted the inquiry in this case.

Plaintiff alleges that he was interviewed by Correctional Lieutenant L. Machado on September 9, 2014, as required by § 3084.9(i)(3), and that Captain J. Jones of CCI - Tehachapi, as required by § 3084.9(i)(4), notified Plaintiff in a letter dated September 10, 2014 that it found no violation. Plaintiff contends that Cal. Code Regs. Title 15 § 3084 provides no additional processes regarding staff complaints. Plaintiff further argues that he exhausted his administrative remedies, just not the ones Defendant has propounded.

### 3. Defendant's Reply

Defendant contends that Plaintiff is improperly attempting to bypass the administrative review process, and that Plaintiff's arguments in his opposition brief are further evidence of the failure to exhaust. Defendant also states that Plaintiff is improperly trying to classify his own appeal via the "staff complaint" exception in Cal. Code Regs. Title 15 § 3084.9(i)(1) and (i)(3), and that the three levels of review apply regardless of the "staff complaint" exception. Defendant further argues that the administrative procedures identified in his moving papers are the only procedures that apply here.

///

///

### iv. Analysis

The Court finds that this case presents a unique instance where the plaintiff's failure to exhaust administrative remedies is clear from the face of the complaint. Plaintiff's allegation that he exhausted available administrative remedies is undermined by his description of what that exhaustion entailed. Plaintiff first alleges that instead of making any complaint using the grievance process, he sent a letter to the OIA. As Defendant argues, this was an improper attempt to bypass the administrative process.  Plaintiff was required to first submit his grievance to the institution's appeals coordinator on the proper form for screening and management.  Prison officials are entitled to have the opportunity at the first step in the appeals process to categorize Plaintiff's grievance and adjudicate his claims on the merits. *See* Cal. Code Regs. Title 15 §§ 3084.2(a), 3084.5(b)(4); *Woodford*, 548 U.S. at 90.

OIA's forwarding of the letter to CCI for review does not excuse Plaintiff's initial attempt to bypass the appeals coordinator, as the courts cannot countenance an inmate's intentional noncompliance with the administrative appeals process or critical steps within it. *See Woodford*, 548 U.S. at 95-96 (deliberate attempts to bypass the administrative process undermine the benefits of exhaustion, and prevent prisons from fairly and fully considering grievances). Proper exhaustion demands compliance with an administrative process's "critical procedural rules" so that the prison grievance system functions effectively, by allowing "the agency a fair and full opportunity to adjudicate [an inmate's] claims." *Id*. at 90. Proper exhaustion also enables the creation of a better quality administrative record by allowing the agency to identify witnesses and gather evidence when memories are fresher, which can aid the court's decisions if a suit is eventually filed. *Id.* at 94-95.

On its face, the complaint in this case demonstrates non-compliance. Rather than submitting a grievance to the appeals administrator, Plaintiff alleges that he attempted to bypass the process by writing directly to the OIA. Although the OIA forwarded Plaintiff's letter for institutional review, interviews were not conducted until some several months after the incident, according to the complaint. (ECF No. 1 ¶ 25.) Thus, while Plaintiff alleges some interviews were conducted here, he fails to show that the administrative process has been properly exhausted at all

levels. *See* Cal. Code Regs. Title 15 § 3084.1(b) (stating that a prisoner exhausts the appeal process upon completing the third level of review); *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010) (same).

Plaintiff contends that his failure to complete the first level of review should be excused because his grievance was a staff complaint and falls under the exceptions provided in California Code of Regulations Title 15 § 3084.9(i)(1) and 3084.9(i)(3). However, the appeals coordinator determines whether a grievance is categorized as a staff complaint, not an inmate. *See* Cal. Code Regs. Title 15 § 3084.9(i)(1).  An inmate may not unilaterally characterize an appeal to bypass critical steps in the well-established procedure.  As Defendant argues, Plaintiff is trying to pick his own procedures, but he has not alleged or argued that regular procedures were unavailable to him, or that he should be otherwise excused from exhausting the available administrative remedies. *See Nunez*, 591 F.3d at 1226 (holding that PLRA does not require exhaustion where administrative remedies are effectively unavailable). Plaintiff's apparent preference for the OIA to have reviewed his complaint is not sufficient grounds for his non-compliance.

Furthermore, even if the grievance had been categorized as a staff complaint, it would not excuse Plaintiff from exhausting his appeal to the third level of review. *See Vaughn*, 2015 WL 5020691 at *3. Plaintiff's complaint makes no allegation, or argument, in his motion, that he completed the third level of review or that the procedure was unavailable to him through no fault of his own. Plaintiff alleges that a letter was sent to him informing him that no violations of policy or procedure were found.  No appeal of that decision was taken. (ECF No. 1 ¶ 25.)  The letter is not a decision at the third level.  The Court can reasonably infer from these allegations that a third level of review was not conducted. *See Williford v. City of Portland*, 320 Fed. Appx. 513, 515 (9th Cir. 2009); *see also Doe I v. Wal-mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (stating that while a plaintiff's allegations are accepted as true, courts "are not required to indulge unwarranted inferences") (internal quotation marks and citation omitted).

Accordingly, the Court will grant Defendant's motion to dismiss for failure to exhaust administrative remedies. Plaintiff's complaint will be dismissed, without prejudice.

**II.     Conclusion and Order**

The Court HEREBY ORDERS that:

1. Defendant's motion to dismiss (ECF No. 9), is GRANTED;
2. Plaintiff's complaint is DISMISSED, without prejudice, for failure to exhaust administrative remedies;
3. All other pending motions, if any, are DENIED as having been rendered moot by this order; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **January 27, 2017**              /s/ Barbara A. McAuliffe        _
                                                                       UNITED STATES MAGISTRATE JUDGE